```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         NORTHERN DIVISION


SUSAN VAN WINKLE for Z.M.R.,       )
                                   )
           Plaintiff,              )
                                   )
      v.                           )      No. 2:09 CV 64 DDN
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
           Defendant.              )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendant Commissioner of Social Security to dismiss the case as untimely filed (Doc. 12). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 3.)

**I. BACKGROUND**

On August 28, 2009, the Appeals Council of the Social Security Administration denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Doc. 12, Herbst aff. at ¶ 3(a).) From this date, the plaintiff had sixty days to commence a civil action in the United States District Court. 42 U.S.C. § 405(g). Taken together, the plaintiff had to file her civil action on, or before, October 26, 2009.

The Commissioner argues that the plaintiff, Susan Van Winkle for Z.M.R., filed this action out of time, because she filed her complaint on December 10, 2009. (Doc. 12.) A review of the docket sheet and the complaint shows that the clerk's office received and docketed the complaint on December 8, 2009. (Doc. 1.) In addition, the certified mail receipt is signed by S.B., a mailroom clerk of the United States District Court, and is signed on December 8. (Doc. 13, Ex. 2.) Curiously, the certified mail receipt does not bear any postmark. (Id.)

On the other hand, the certified mail receipt includes a handwritten date of "10-19-09," and bears the article number 7007 3020

0002 2453 3312.  (Id.)  A review of the Track & Confirm service on the website for the United States Postal Service shows that this article was "delivered at 12:54 PM on October 26, 2009 in SAINT LOUIS, MO 63102." In addition, a letter from the plaintiff's attorney, accompanying the complaint, is dated October 19, 2009, suggesting an October delivery date.  (Doc. 13, Ex. 1.)  Finally, the plaintiff has attached an e-mail receipt from the United States Postal Service, noting that the article was delivered to Saint Louis, Missouri, 63102, on October 26, 2009.  (Doc. 13, Ex. 3.)

In the attorney's cover letter, the complaint is addressed to: "Clerk, U.S. District Court, Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, Suite 20.333, St. Louis, MO 63102."  The Clerk of the United States District Court accepts, opens, and dockets civil complaints, like this one.  Suite 20.333 is not the Clerk's Office. Instead, the United States Attorney's Office occupies the 20th floor of the courthouse, and the Assistant United States Attorney (AUSA) who represents the Commissioner in this case occupies Suite 20.333.  That said, had the complaint originally been delivered to the AUSA, he still would have had to sign for it.  There appears to be no immediate explanation for the discrepancy between the December 8 signature date for receipt of the article, and the United States Postal Service's confirmed delivery date of October 26, 2009.

## II.  DISCUSSION

Equitable tolling preserves a claim after the filing period has expired, and is based on the excusable neglect of the filing party. Shempert v. Harwick Chem. Corp., 151 F.3d 793, 797 (8th Cir. 1998).  As a general rule, equitable tolling is only appropriate where the circumstances are truly beyond the plaintiff's control.  Id. at 798.

In this case, the circumstances of delivery appear to have been beyond the plaintiff's control.  The evidence indicates that Van Winkle's attorney mailed a certified copy of the complaint on October 19, 2009, to this courthouse addressed to the clerk of this court.  A properly mailed document is presumed to be received by the addressee three days after mailing.  Davis v. U.S. Bancorp, 383 F.3d 761, 766 (8th

Cir. 2004); Lucht v. Encompass Corp., 491 F. Supp. 2d 856, 862 (S.D. Iowa 2007). Under the circumstances, the complaint is presumed to have been received on October 22, 2009. This receipt date is consistent with the United States Postal Service's records, which show an October 26 delivery date.

There is no obvious explanation for the discrepancy between the December 8 filing date and the confirmed October 26 delivery date. Absent such an explanation, it would be unjust to lay this blame squarely on the plaintiff. See Ark. Motor Coaches, Ltd. v. Comm'r of Internal Revenue, 198 F.2d 189, 192 (8th Cir. 1952). This is particularly so given the goal of the Commissioner and his advocates: to insure that deserving claimants who apply for benefits receive the justice that they are due. Battles v. Shalala, 36 F.3d 43, 44 (8th Cir. 1994). After all, the administrative hearings are non-adversarial. Id.

Taken as a whole, equitable tolling is appropriate. See Ark. Motor Coaches, 198 F.2d at 194 (Johnsen, C.J., concurring) ("Where the right to a day in court is at stake, the judicial approach should be one of attempt to accord the right, if this can legitimately and reasonably be done, and not one of attempt to deny it through unnecessary resolution, unless such a denial is either legally or equitably compelled."). The motion to dismiss is denied.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant Commissioner of Social Security to dismiss the case as untimely commenced (Doc. 12) is denied.

                                       /S/   David D. Noce
                                 **UNITED STATES MAGISTRATE JUDGE**

Signed on March 19, 2010.